# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00055-CV

**Bruce Fowler, Jr. and Stephanie L. Fowler, Appellants**

**v.**

**Christopher N. Epps and Laura L. Epps, Appellees**

## FROM COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY, NO. 06-1259-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Christopher and Laura Epps sold their house to Bruce and Stephanie Fowler. After discovering alleged defects in the house, the Fowlers sued the Eppses for violations of the Deceptive Trade Practices Act ("DTPA"), *see* Tex. Bus. & Com. Code Ann. §§ 17.45(5), .46(b) (West 2002), common-law fraud, fraud in a real estate transaction, *see id.* § 27.01 (West 2009), and negligent misrepresentation. In response, the Eppses requested their attorney's fees under a provision of the sales contract allowing attorney's fees to be awarded to "the prevailing party in any legal proceeding related to this contract." Before trial, the Fowlers nonsuited all of their claims. Following a bench trial on the Eppses' claim for attorney's fees, the court rendered a judgment ordering that the Fowlers take nothing by their lawsuit and that the Fowlers pay the Eppses' attorney's fees. In three issues on appeal, the Fowlers assert that the trial court erred (1) when it denied their motion for directed verdict at trial, (2) in awarding the Eppses attorney's fees because the Eppses were not the

"prevailing parties" as required by the sales contract, and (3) by ordering that the Fowlers take nothing instead of dismissing their claims without prejudice. We will modify the portion of the judgment ordering that the Fowlers take nothing to reflect that the Fowlers' claims are dismissed without prejudice. We will reverse the portion of the judgment granting attorney's fees to the Eppses and render judgment that the Eppses take nothing on their claim for attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2004, the parties memorialized the sale of the Eppses' house by signing a standard-form sales contract promulgated by the Texas Real Estate Commission for the sale of a "one to four family residence." In their petition, the Fowlers pleaded that shortly after they moved into their new house, they began to notice cracks in the walls consistent with foundation failure. Further, they alleged that the cracks had been previously repaired, suggesting that the prior owners had knowledge of the foundation defect. During the course of the sale, the Eppses provided the Fowlers with a "Seller's Disclosure Notice." In that document, the Eppses did not disclose that they knew of any prior drywall repair or problems with the foundation of the house. The Fowlers filed suit against the Eppses alleging violations of the DTPA, common-law fraud, fraud in a real estate transaction, and negligent misrepresentation, asserting that the Eppses had knowledge of the foundation failure and drywall repair and failed to disclose it as required by law. The Eppses answered and requested attorney's fees under section 17 of the contract and section 10 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001-.005 (West 2002 & West Supp. 2009) (sanctions for filing frivolous, vexatious, or false pleadings).

2

Before trial, the Fowlers nonsuited all of their claims, leaving only the Eppses' contract-based claim for attorney's fees.[1] Following a bench trial solely on that claim, the trial court rendered judgment that (1) the Fowlers take nothing on their claims against the Eppses, and (2) the Eppses recover attorney's fees of $22,950.

## DISCUSSION

### *The Judgment*

We begin by considering the Fowlers' third issue, that the trial court erred when it granted a "take-nothing" judgment against the Fowlers after they nonsuited all of their claims before trial. Rule of civil procedure 162 allows a party seeking affirmative relief to file a nonsuit at any time before it has "introduced all of [its] evidence other than rebuttal evidence," provided that a dismissal does not prejudice an adverse party's right to be heard on an affirmative claim for relief or certain collateral claims for, among other things, attorney's fees. Tex. R. Civ. P. 162.[2]

"[G]enerally, a trial court has no discretion to refuse to sign an order of dismissal once notice of a nonsuit has been filed, [but] this broad principle necessarily has exceptions." *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997). One exception allows for disposition of "motion[s] for

---

[1] The Eppses declined to press their claim for attorney's fees under section 10 of the civil practice and remedies code.

[2] The Eppses claim that their request for attorney's fees was a claim for "affirmative relief" as that term is used in rule of civil procedure 162. For the purposes of this appeal, we need not decide whether their claim was an affirmative claim or a collateral request for attorney's fees because, in either case, the trial court would retain plenary power to hear the claim despite the Fowlers' nonsuit. *See University of Tex. Med. Branch v. Estate of Blackmun*, 195 S.W.3d 98, 100-01 (Tex. 2006). The Fowlers do not assert on appeal that it was error for the court to entertain the Eppses' request for attorney's fees.

sanctions, attorney's fees or other costs, pending at the time of dismissal." Tex. R. Civ. P. 162. The court may also defer dismissing the case when other parties have affirmative claims for relief pending. *Id.*; *University of Tex. Med. Branch v. Estate of Blackmun*, 195 S.W.3d 98, 100 (Tex. 2006). Therefore, it was not improper for the trial court in the present case to wait to dispose of the claims of all parties together in its judgment. In granting the Fowlers' nonsuit, however, the court erred when it disposed of the Fowlers' claims on the *merits* instead of dismissing the case without prejudice. *See Devore v. American Mfrs. Mut. Ins. Co.*, No. 01-07-00495-CV, 2008 WL 2611886, at *3 (Tex. App.—Houston [1st Dist.] June 27, 2008, no pet.) (mem. op.) ("A take-nothing judgment is one on the merits." (quoting *Howeth Invs., Inc. v. White*, 227 S.W.3d 205, 211 (Tex. App.—Houston [1st Dist.] 2007, no pet.))); *Garcia-Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 379 n.8 (Tex. App.—Corpus Christi 1999, no pet.) (noting that statement "plaintiff take nothing by her suit" constitutes decision on merits); *see also University of Tex. Med. Branch*, 195 S.W.3d at 100 (order on nonsuit is "ministerial"). Accordingly, we will modify the judgment to reflect that the Fowlers' claims are dismissed without prejudice.

### The Eppses' Claim for Attorney's Fees

As to the Eppses' claim for attorney's fees, the Fowlers assert, as an initial matter, that the Eppses' claim under section 17 of the sales contract is improper because none of the Fowlers' claims were based on a breach of the sales contract but rather were extra-contractual claims. Section 17 of the sales contract states:

> **ATTORNEY'S FEES:** The prevailing party in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding incurred by the prevailing party.

The contract in the present case is a widely used form promulgated by the Texas Real Estate Commission, so we have had opportunities to address this issue before. In *Polk v. St. Angelo*, this Court construed a substantively identical contractual provision on attorney's fees from the then-existing form contract to include extra-contractual claims based on the DTPA, negligent misrepresentation, and negligence. No. 03-01-00356-CV, 2002 WL 1070550, at *3 (Tex. App.—Austin May 31, 2002, pet. denied) (mem. op.); *see also Sierra Assoc. Group, Inc. v. Hardeman*, No. 03-08-00324-CV, 2009 WL 416465, at *9 (Tex. App.—Austin Feb. 20, 2009, no pet.) (mem. op.) (suit for extra-contractual claims is "related to" contract); *Dickerson v. Trinity-Western Title Co.*, 985 S.W.2d 687, 692-93 (Tex. App.—Fort Worth 1999, pet. denied) (same). This Court also held that an action alleging misrepresentation in a seller's disclosure form fell within the scope of this provision because the contract was contingent on the execution of the seller's disclosure. *Polk*, 2002 WL 1070550, at *3.

We construe the language of section 17 of the contract with reference to the usual principles of contract interpretation.

> Contract language that can be given a certain or definite meaning is not ambiguous and is construed as a matter of law. The primary objective is to determine the parties' intent as reflected in the [contract's] terms, and our review of an unambiguous contract, like any other legal question, is de novo.

5

*Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 252 (Tex. 2009) (per curiam) (citations omitted).

In the present case, the Fowlers brought claims for violation of the DTPA, common-law fraud, fraud in a real estate transaction, and negligent misrepresentation. We hold that the "related to" language in section 17 of the sales contract is broad enough to encompass these claims; therefore, the Eppses were allowed to bring their claim for attorney's fees based on the sales contract.

In their first and second issues, the Fowlers complain that the trial court erred in awarding the Eppses attorney's fees under the contract because the Eppses were not "prevailing part[ies]" as that term in used in section 17. The Fowlers argue that since they nonsuited all of their claims before trial, the Eppses could not be prevailing parties because the Eppses had not prevailed on the *merits* of "any legal proceeding related to" the contract. We agree.

The Eppses may recover attorney's fees under the contract only if they are the "prevailing party in any legal proceeding related to this contract." Construing this unambiguous language, we conclude that to be a "prevailing party" a party must prevail on the merits of some claim "related to the contract."[3] Cases construing the phrase "prevailing party" in this and other contexts indicate that "[a] prevailing party successfully prosecutes or defends against an action, prevailing on the main issue, even if not to the extent of his or her original contention." *Robbins*

---

[3] We do not believe that the Eppses' success on the "merits" of their attorney's fee claim alone made them "prevailing parties" for the purposes of section 17. A common-sense reading of the contract requires that the Eppses prevail on some other claim before they are entitled to attorney's fees as a prevailing party.

*v. Capozzi*, 100 S.W.3d 18, 27 (Tex. App.—Tyler 2003, no pet.). To be a "prevailing party," a party must be successful on the merits of the claim even if the party is not awarded damages. *Id.* A prevailing party is vindicated by the court's judgment. *See Rich v. Olah*, 274 S.W.3d 878, 888 (Tex. App.—Dallas 2008, no pet.) (citing *Dear v. City of Irving*, 902 S.W.2d 731, 739 (Tex. App.—Austin 1995, writ denied)); *cf. Intercontinental Group P'Ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 652 (Tex. 2009) (construing "prevailing party" in contract to require that plaintiff "obtain actual and meaningful relief" but not reaching issue of when defendant would be prevailing party (citing *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992))).

Here, the Fowlers nonsuited all of their claims before trial. The trial was conducted solely on the Eppses' request for attorney's fees. Despite the court's take-nothing judgment against the Fowlers, which, as discussed above, we hold to be erroneous, the court did not adjudicate the Fowlers' claims at trial. Because the court did not adjudicate the Fowlers' claims, and because the Eppses brought no claim for relief on which they could prevail other than their request for attorney's fees, the Eppses did not "prevail" on any claims that would entitle them to attorney's fees under the terms of the contract.

The Eppses argue that because the Fowlers nonsuited their claims after the relevant statute of limitations for those claims had expired, their nonsuit functioned as a dismissal with prejudice. Because a dismissal with prejudice is a final determination on the merits of the case, the Eppses contend that the Fowlers' nonsuit was a determination on the merits in favor of the Eppses, thereby making them "prevailing parties." The Eppses cite no cases, and we can find none, that support their hypothesis that a nonsuit can transmute into a dismissal with prejudice based solely on

7

when a party decides to file it. By filing a nonsuit, a party voluntarily withdraws its claims; a dismissal pursuant to a nonsuit is not an adjudication on the merits and does not prejudice a claimant from refiling the same claims. *See Klein v. Dooley*, 949 S.W.2d 307, 307 (Tex. 1997) (per curiam) (noting that plaintiff has right to nonsuit without prejudice to refiling his claims). A dismissal with prejudice functions as a final determination on the merits. *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991). Because a dismissal with prejudice precludes a claimant from refiling, such a judgment would be an improper response to the filing of a nonsuit. Assuming that a plaintiff refiled a nonsuited claim sometime in the future, even if the claims were time-barred, they would not be barred by *res judicata* but rather because they were outside the statute of limitations, which is a waivable affirmative defense that must be raised by the opposing party and adjudicated by the court. *See* Tex. R. Civ. P. 94; *Ditta v. Conte*, 298 S.W.3d 187, 190 n.6 (Tex. 2009) (for appellate court to consider defense of statute of limitations, it must be raised as affirmative defense in pleadings).

The Eppses urge us to hold that, as a matter of public policy, the Fowlers should not be allowed to nonsuit "at the last minute" to avoid paying attorney's fees. They cite to *Lyco Acquisition 1984 Ltd. Partnership v. First National Bank*, 860 S.W.2d 117 (Tex. App.—Amarillo 1993, writ denied), for the proposition that the Fowlers are "prohibited from nonsuiting their claims merely to avoid liability for attorney's fees." *See id.* at 121. In *Lyco Acquisition*, Lyco sued a bank for conversion and violations of the Texas Trust Code. *Id.* at 120. After the bank filed its motion for summary judgment and request for attorney's fees under the Texas Trust Code, Lyco dropped the trust-code cause of action. *Id.* at 120-21. The court held that because the bank's claim for attorney's fees was predicated on specific statutory authority, if Lyco had nonsuited the entire case,

8

the bank could have maintained a separate claim for attorney's fees. *Id.* at 121. The court extended that rule to partial nonsuits because "[o]therwise, a plaintiff could drop with impunity any unwisely initiated causes of action that might result in an award of attorney's fees for his opponent and still maintain his cause of action." *Id.*

Lyco Acquisition* is not instructive in the present case. Here, the Fowlers' nonsuit is central to whether there was a "prevailing party" for the purposes of awarding attorney's fees under section 17 of the contract. By contrast, in *Lyco Acquisition*, the partial nonsuit was an attempt by Lyco to dispense with the attorney's fees issue altogether while continuing to maintain its other claims. The court held that the bank could advance its attorney's fees claim as a separate affirmative claim for relief. In the present case, the Eppses can indeed maintain their request for attorney's fees as a separate claim for relief. In order to recover their attorney's fees, however, the Eppses must have an independent basis for such a recovery. The independent basis on which they rely is section 17 of the contract, which permits an award of attorney's fees to the "prevailing party" in a proceeding related to the contract. Accordingly, what we must decide is whether, in light of the Fowlers' nonsuit, the Eppses were the "prevailing parties" under the contract. The reasoning in *Lyco Acquisition* does not lead us to the conclusion we should ignore the Fowlers' nonsuit, thereby automatically making the Eppses "prevailing parties."

Finally, the Eppses argue that after the Fowlers' nonsuit, the parties "realigned"—the Eppses becoming the "plaintiffs" and the Fowlers becoming the "defendants." The Eppses assert that, despite this realignment, the Fowlers never filed an "answer" to their counterclaim. We assume that the logical extension of the Eppses' argument is that, by not answering, the Fowlers defaulted.

9

It is clear, however, that there was no default in this case. Only a few days after their nonsuit, the Fowlers appeared at trial, announced ready, and defended themselves against the Eppses' claim for attorney's fees. *See Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998, no pet.) ("Traditionally any sort of appearance will defeat a default.").

We sustain the Fowlers' points of error one and two.

## CONCLUSION

The trial court erred when it rendered a take-nothing judgment on the Fowlers' claims when it should have dismissed their claims without prejudice. We modify paragraph number one of the judgment to reflect a dismissal without prejudice of the Fowlers' claims. Because the Eppses were not "prevailing parties" on the merits of a legal proceeding related to the sales contract, they were not entitled to attorney's fees under section 17 of the contract. We reverse the portion of the trial court's judgment granting the Eppses attorney's fees and render judgment that they take nothing on that claim.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Modified and, as Modified, Affirmed in part; Reversed and Rendered in part

Filed: February 10, 2010

10