*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





★ ★ ★      ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00057-CV

Levan Adriel Aguilar **GALVAN**, et al.,
Appellants

v.

**UNKNOWN HEIRS OF PEDRO LONGORIA**, Deceased,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 7037
Honorable Fred Shannon, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Rebecca Simmons, Justice

Delivered and Filed:  June 9, 2010

REVERSED AND RENDERED

After the trial court *sua sponte* granted a new trial, the trial court signed an order denying the plaintiffs' notice of nonsuit and dismissing the underlying cause with prejudice. We reverse the trial court's order and grant the nonsuit.

## BACKGROUND

The appellants, who were the plaintiffs in the underlying lawsuit, sought a declaratory judgment that they were heirs of Pedro Longoria who died around 1772. The defendants were Longoria's unknown heirs who were served by publication and posting.

On November 20, 2009, the trial court signed a default declaratory judgment, declaring that the appellants are direct descendants of Longoria. No attorney ad litem was appointed to represent the unknown heirs prior to or at the default judgment hearing.

On November 23, 2009, the trial court *sua sponte* decided to vacate and set aside the judgment and to grant a new trial and signed an order to that effect. The trial court subsequently issued orders directing the appellants to show cause why the underlying cause should not be dismissed with prejudice for numerous reasons.

On December 14, 2009, the appellants filed a written response to the trial court's *sua sponte* show cause orders. The appellants also filed a notice of nonsuit. On December 21, 2009, the trial court signed an order denying the notice of nonsuit and dismissing the underlying cause with prejudice on the following bases: (1) the petition did not present a justiciable controversy; and (2) an order in a Starr County lawsuit, which was pending on appeal in this court, was res judicata of the claims asserted in the petition.[1]

## DISCUSSION

Under Texas law, parties have an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial.

---

[1] We note that this court subsequently reversed the Starr County court's order. *See Basquez v. Unknown Heirs of Pedro Longoria*, No. 04-09-00196-CV, 2010 WL 724682 (Tex. App.—San Antonio Mar. 3, 2010, no pet.) (mem. op).

*Villafani v. Trejo*, 251 S.W.3d 466, 468-69 (Tex. 2008); TEX. R. CIV. P. 162. A nonsuit extinguishes a case or controversy from the moment it is filed. *Univ. of Tex. Medical Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006). "The trial court generally has no discretion to refuse to dismiss the suit, and its order doing so is ministerial." *Id.* A nonsuit does not, however, prejudice the rights of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of costs. TEX. R. CIV. P. 162. In addition, a nonsuit has no effect on any motion for sanctions, attorney's fees, or other costs, pending at the time of the dismissal. *Id.*

The trial court denied the appellants' notice of nonsuit on the basis that they had introduced all of their evidence at the default declaratory judgment hearing. Prior to the filing of the nonsuit, however, the trial court granted a new trial and set aside the judgment. When a new trial is granted, the case stands on the trial court's docket the same as if no trial had occurred. *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 230-31 (Tex. 2008); *Long John Silver's Inc. v. Martinez*, 850 S.W.2d 773, 777 (Tex. App.—San Antonio 1993, writ dism'd w.o.j.). "Thus, when the trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). In granting the new trial in the underlying cause, the trial court in effect nullified the prior hearing, including the presentation of evidence by the appellants at that hearing. Accordingly, when the appellants filed their notice of nonsuit, they had not introduced all of their evidence; therefore, the trial court had no discretion to deny their nonsuit or to dismiss the underlying cause with prejudice. *See Univ. of Tex. Med. Branch at Galveston*, 195 S.W.3d at 100 (trial court does not have discretion to dismiss suit); *Fowler v. Epps*, No. 03-08-00055-CV, 2010 WL 521109, at *4 (Tex. App.—Austin Feb. 10, 2010, no pet.) (noting

dismissal with prejudice, which functions as a final determination on the merits, would be an improper response to the filing of a nonsuit) (mem. op.).

## CONCLUSION

The trial court's order is reversed, and judgment is rendered granting appellants' notice of nonsuit and dismissing the underlying cause without prejudice.

Catherine Stone, Chief Justice