# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00315-CV

**Cindy Schlapper, Appellant**

**v.**

**Rand Forest, Buck Childers, Robert Stewart Leonard, Dorothy Stewart Uzell,
Betty Stewart Hanson, Mike Keuhl, Flagship Marine Corporation, Shoreline Development,
and Harbor Ventures, Inc., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-GN-05-000033, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a real estate title dispute among owners and occupiers of neighboring tracts of land. Appellant Cindy Schlapper, the undisputed owner of a tract of land in Travis County near Lake Travis, appeals *pro se* the district court's judgment in favor of appellees Rand Forest, Buck Childers, Robert Stewart Leonard, Dorothy Stewart Uzell, Betty Stewart Hanson, Mike Keuhl, Flagship Marine Corporation, Shoreline Development, and Harbor Ventures, Inc., on her various claims against them and its award of title to two disputed neighboring tracts to Harbor Ventures. In four issues, Schlapper contends that the district court misconstrued the deeds in her chain of title and erred in severing Harbor Ventures's claims for declaratory and injunctive relief, in entering a judgment on all of her claims in favor of appellees, and in denying her attorney's fees and costs. For the reasons that follow, we affirm the district court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellant Schlapper owns a .416 acre tract near Lake Travis. She also claims a fee simple interest in all or a portion of three neighboring tracts, which are located directly across a paved road from Schlapper's tract and which allow access to Lake Travis. Schlapper's tract and the three neighboring tracts all originated from a common 128.5 acre tract owned by A. K. and Annie Stewart. Schlapper bases her claim to a fee simple interest in the three neighboring tracts on language in the deeds in the chain of title to her .416 acre tract. The parties do not dispute Schlapper's title to the .416 acre tract, but appellee Harbor Ventures asserts ownership to the three neighboring tracts. Harbor Ventures claims that it owns the three tracts through a chain of conveyances and that Schlapper possesses only an ingress/egress easement over the tracts to provide access to Lake Travis.[1] No other parties claim an ownership interest in the three disputed tracts.[2]

**The Controversy**

The parties' dispute over the tracts resulted from competing claims to use of the property. Some time during or after 2003, Harbor Ventures began construction operations on the

---

[1] The district court severed Harbor Ventures's claim for declaratory relief regarding the extent of the rights conveyed by the access easement and its related claim for permanent injunctive relief. Those issues were tried separately, and the district court entered a default judgment in favor of Harbor Ventures. This Court dismissed Schlapper's appeal of that final judgment for want of prosecution. *See generally Schlapper v. Harbor Ventures*, No. 03-07-00246-CV (Tex. App.—Austin Nov. 14, 2007) (mem. op.), *available at* http://www.3rdcoa.courts.state.tx.us/opinions/pdfOpinion.asp?OpinionID=16351.

[2] Because the Stewarts had previously granted the Lower Colorado River Authority a perpetual easement for the right to "inundate, submerge, and overflow" the 128.5 acre tract below the 715 contour line, as described in the instrument recorded in volume 643, page 24 of the deed records of Travis County ("the LCRA easement"), one of the three disputed tracts usually lies under the waters of Lake Travis.

2

three tracts.[3]  Schlapper objected to their presence on the tracts and in 2005 filed suit against the individual appellees asserting various causes of action, most based on her contention that she owns all or part of the tracts on which the operations were being conducted.  In her original petition, Schlapper claimed to be "the owner in fee simple of a strip of an unimproved, original land . . . North of, adjacent to and immediately below" her undisputed .416 acre tract, subject to the LCRA easement.  Harbor Ventures, asserting that it owned the tracts claimed by Schlapper, intervened seeking to establish and quiet title, declaratory relief regarding the existence and extent of the rights granted to Schlapper by the language in the 1944 deed to her predecessors conveying an ingress/egress easement, temporary and permanent injunctions, and other relief.

In seven amended petitions,[4] Schlapper claimed to own all or part of the three disputed tracts, claiming at various times to own "part of a larger unimproved tract that is in easement [sic] to LCRA," "a part (a partition) of a 4.0 acre estate of land," and "more than one-third of the approximately 2.72 acres" across the road from her .416 acre tract, and alternately referring to the claimed property as "my land," "my easement," "my conservation easement," and "the partition."  In her amended petitions, Schlapper also added Harbor Ventures, Flagship Marine, and Shoreline Development as defendants.  The district court struck Schlapper's seventh amended

---

[3] The record is not clear, but it appears that Harbor Ventures conducted operations that included construction of marina equipment.  It further appears that Harbor Ventures leased all or part of the three disputed tracts to appellee Flagship Marine Corporation, which conducted barge construction, and that Harbor Ventures and/or Flagship Marine engaged Shoreline Development to perform work in connection with the construction.  It also appears that appellees Rand Forest and Buck Childers are principals in Harbor Ventures, appellee Mike Keuhl is a principal in Flagship Marine, and Shoreline Development is a sole proprietorship owned by Forest.

[4] The record does not contain the first, fourth, or fifth amended petitions.

petition as untimely filed, and the case was tried on Schlapper's sixth amended petition, in which she claimed to own the three disputed tracts directly across the road from her .416 acre tract and asserted causes of action for suit to quiet title, slander of title, fraud, negligent misrepresentation, nuisance, civil conspiracy, conversion, assault, title by limitations, and injunctive relief.

**The Trial**

In a brief trial to the bench, the parties offered evidence and Schlapper testified.

**Schlapper's Evidence**

Schlapper offered deeds in the chain of title to her undisputed .416 acre tract. The two deeds she primarily relied on as proof of her ownership interest in the three disputed tracts were the 1944 deed conveying the .416 acre tract to her predecessors in interest and the 1991 deed conveying the same tract to Schlapper.

*The 1944 Deed*

The 1944 deed conveying the .416 acre tract to Schlapper's predecessors in interest described the tract as follows:

> . . . all that certain tract or parcel of land lying and being situated in Travis County, Texas, a part of the John McDonald Survey No. 102, and being part of a tract of land sold by F. J. Clifton and wife, Susan R. Clifton to A. K. Stewart and wife, Annie Stewart, by deed dated October 20, 1916 recorded in Book 307, pages 386-387, of Travis County Deed Records, to which reference is here made; and the tract herein conveyed being more particularly described by metes and bounds as follows, to wit:
> BEGINNING at the N. E. corner of a tract of land sold by me this day to Herman Peavey and wife, Lois Peavy, for the N. W. corner of this tract. Thence S. 78 deg. 54 min. E. 85 ft. to an iron stake for the N. E. corner of this tract; Thence

S. 28 deg. 15 min. W. 210.5 ft. to an iron stake for a corner of this tract; Thence N. 88 deg. 17 min. W. 91 ft. to an iron stake for corner of this tract; Thence N. 27 deg. 40 min. E. 230.9 ft. to the place of beginning. According to survey made by O.P. Schoolfield, Licensed State Land Surveyor, in September, 1944.

The deed also contains the following language:

In connection with the grant in fee simple of the tract of land above described, it is understood and agreed that the grantors herein hereby give and grant unto the grantee, his heirs and assigns, a perpetual easement on and across the land lying immediately North and adjacent to the tract herein conveyed and between prolongations of the East and West boundary lines of the tract herein conveyed and between said tract of land and the contour line which 670 feet above mean sea level as established by the United States Geological Survey Bench Marks; said easement shall be for the purposes of ingress and egress from the tract of land herein conveyed to Lake Travis. The grantee, her heirs and assigns, shall have the right to construct roads and walkways, one or both or more of each, on and across said land and shall have the right to cut the underbrush and to trim the trees situated thereon, and to do any act or thing on said land which will in any wise beautify or improve the appearance of either the land across which said easement is granted or the tract of land above conveyed; and that the foregoing easement, restriction, covenant and agreements shall be deemed covenants running with the land [and] shall be binding upon the grantors herein, their heirs and assigns.

This conveyance is subject to the reservations contained in easement granted to Lower Colorado River Authority.

*The 1991 Deed*

The 1991 deed conveying the tract to Schlapper contains the following provisions:

This conveyance is made and accepted subject to any and all conditions, easements, covenants, restrictions and reservations, if any, relating to the herein described property; to the extent, and only to the extent, that the same may still be in force and effect, shown of record in the office of the County Clerk of Travis County, Texas.

. . .

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever.

Schlapper also offered a plat of the area, which the district court admitted for demonstrative purposes only, a Federal Emergency Management Agency flood plain map, which indicated the 715 contour line, photographs of the disputed tracts and of the construction activity, and aerial views of the disputed tracts and surrounding area.

Schlapper testified that the language in the 1944 deed to her predecessors granted her an ownership interest in "80 acres" of the 128.5 acre tract, subject to the "flowage easement" previously granted to the LCRA below the 715 contour line. Citing the language in the 1944 deed referring to "all that certain tract," she stated that the phrase refers to "the upper half of the John McDonald survey. . . . That 80 acres." Schlapper testified that when she purchased her tract, she was told that she was also getting the property "in front" of her tract and that "the only way to buy it" was to "buy the land that it's attached to," so she bought her tract and "that's how [she has] that land." She further testified that ownership in the 80 acres was also granted to four other people who purchased nearby tracts, creating joint ownership among her and her neighbors. She added that she and her neighbors "had this property in front of them, each one down to the lake," but since "you can't subdivide an easement," they agreed that each one had a certain "spot."

Schlapper also testified that ownership in the 80 acres passed to her as an "appurtenance—attached to the land in her deed," so there is "no separate deed for it." She denied that she has an ingress/egress easement over the disputed tracts. She also stated that she had always

considered the 80 acres her land, that she had "a reputation on that land," and that the deeds on which Harbor Ventures relies are "invalid" and "all of a sudden appear[ed]." Regarding her other claims, Schlapper testified that appellees had removed large, valuable "waterfall rocks" from "[her] land" and had polluted it and destroyed vegetation.

### Harbor Ventures's Evidence

Harbor Ventures offered into evidence an abstract of title, deeds, and wills as evidence of the chain of title to the three disputed tracts. Harbor Ventures first offered a 1919 deed conveying the 128.5 acres to A. K. and Annie Stewart and family wills showing that the entire 128.5 acre tract passed by devise and descent from Stewart to his wife, then to their son, and then to his three children, appellees Dorothy Stewart Uzell and Betty Stewart Hanson and their brother Arthur Leonard Stewart, Jr. Harbor Ventures then offered deeds showing that Arthur Stewart, Jr., later conveyed his interest in the 128.5 acres to Uzell and Hanson, that in 1997 Uzell and Hanson deeded one of the disputed tracts to Harbor Ventures, and that Harbor Ventures subsequently conveyed that tract to Tamir Enterprises, Ltd., which conveyed it to William C. Davidson, Trustee, in 2000. Harbor Ventures also offered deeds, deeds of trust, a security agreement, and an assignment of lien showing that also in 2000, Uzell and Hanson conveyed the other two disputed tracts to Davidson, who, in 2003, conveyed all three disputed tracts to Harbor Ventures, subject to a deed of trust and security agreement in favor of Gordon M. Griffin, Trustee of the Griffin Family Trust, which Griffin later assigned to appellee Robert M. Leonard.[5]

---

[5] Schlapper filed suit against "Robert Leonard aka/dba Robert Stewart." Leonard filed an answer stating that his name is Robert M. Leonard and specifically denying that he is Robert Stewart,

7

**The Court's Ruling**

Finding no evidence to support Schlapper's causes of action, the district court entered an interlocutory partial judgment in favor of appellees[6] and awarded Harbor Ventures title to two disputed tracts.[7] The district court *sua sponte* ordered that a separate trial be conducted on Harbor Ventures's requests for declaratory judgment concerning the ingress/egress easement granted to Schlapper by the language in the 1944 deed and for permanent injunctive relief.[8] No party requested findings of fact and conclusions of law, and the district court entered none. The district court subsequently severed Harbor Ventures's claims for declaratory and injunctive relief, and the judgment in this matter became final. This appeal followed.[9]

---

transacts business as Robert Stewart, or is related to Robert Stewart.

[6] The district court had previously dismissed all claims except the fraud claim against all the individual defendants except Leonard. Schlapper subsequently added additional causes of action in amended petitions. The interlocutory partial judgment ordered that Schlapper take nothing on all causes of action not previously dismissed.

[7] Although the district court found that Schlapper does not own the underwater tract, it did not award title to that tract. The district court denied Schlapper's motion to modify the judgment, and title to the underwater tract is not at issue in this appeal.

[8] The interlocutory judgment disposed of the remainder of the claims Harbor Ventures asserted in its plea in intervention.

[9] This Court has previously addressed several preliminary procedural issues in this appeal. *See generally Schlapper v. Forest*, No. 03-06-00315-CV (Tex.App.—Austin Dec. 14, 2006) (mem. op.), *available at* http://www.3rdcoa.courts.state.tx.us/opinions/HTMLopinion.asp?OpinionID=15487; *Schlapper v. Forest*, No. 03-06-00315-CV (Tex. App.—Austin June 21, 2007) (mem. op.), *available at* http://www.3rdcoa.courts.state.tx.us/opinions/HTMLopinion.asp?OpinionID=15974; *Schlapper v. Forest*, No. 03-06-00315-CV (Tex. App.—Austin Sept. 5, 2007, order), *available at* http://www.3rdcoa.courts.state.tx.us/opinions/HTMLopinion.asp?OpinionID=16233; *Schlapper v. Forest,* 272 S.W.3d 676 (Tex. App.—Austin 2008, pet. denied).

## ANALYSIS

**Deed Construction**

In her first issue, Schlapper contends that the district court misconstrued and misinterpreted the language of the deeds in her chain of title and failed to apply well-settled rules of deed construction. A deed is subject to the same rules of interpretation and construction as a contract. *See Luckel v. White*, 819 S.W.2d 459, 461-62 (Tex. 1991). The construction of an unambiguous deed is a question of law, which we review *de novo*. *Id.* at 461. In conducting a *de novo* review, we exercise our own judgment and give no deference to the trial court's decision. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). The primary duty of a court when construing an unambiguous deed is to ascertain the parties' intent as expressed in the deed's four corners. *Luckel*, 819 S.W.2d at 461. In applying the "four corners" rule, we must not look at isolated terms but are to consider the instrument as a whole and attempt to harmonize and give effect to all provisions. *Plainsman Trading Co. v. Crews*, 898 S.W.2d 786, 789 (Tex. 1995). "We give the language its plain, grammatical meaning unless doing so would clearly defeat the parties' intentions." *Tana Oil & Gas Corp. v. Cernosek*, 188 S.W.3d 354, 359 (Tex. App.—Austin 2006, no pet.).

Schlapper's contention that the district court misconstrued the deeds is dependent on her proposed interpretation of language in the 1944 deed conveying the .416 acre tract to her predecessors in interest and in the 1991 deed conveying the same tract to her. From the 1944 deed, Schlapper cites three provisions. First, she refers to the granting language and draws a distinction between the terms "tract of land" and "tract herein conveyed." According to Schlapper, "tract of

9

land" refers to the three disputed tracts, "tract herein conveyed" refers to the .416 acre tract, and the use of the word "and" immediately before the metes and bounds description of the "tract herein conveyed" means that the three disputed tracts were conveyed with the .416 tract. Schlapper further relies on the language granting "a perpetual easement" across the disputed tracts, arguing that this language conveys an ingress/egress easement to the grantor Stewarts rather than to the grantees who were her predecessors in interest. In support of this contention, Schlapper notes that granting language says "his" heirs and, since the grantees were female, the grant must necessarily be to grantor A. K. Stewart. Finally, Schlapper relies on the clause that provides: "This conveyance is subject to the reservations contained in easement granted to Lower Colorado River Authority." She contends that this language makes it clear that the grantors reserved only an easement and not a fee simple interest in the three disputed tracts.

In her 1991 deed, Schlapper points to the language conveying the property to her "together with all . . . appurtenances thereto . . . ." Schlapper asserts that because the disputed tracts abut her undisputed .416 acre tract, they are appurtenances attached to her tract, and she therefore also owns them in fee simple, subject to the LCRA easement. She urges this Court to follow the "strip and gore" doctrine, citing cases dealing with land abutting public roadways and railroad right of way which apply that doctrine.

The parties do not contend that the deeds in question are ambiguous, but they advance conflicting interpretations. After reviewing the deeds and applying the rules of construction, we agree that the deeds are, in relevant part, unambiguous.[10] Turning first to the 1944 deed, we

---

[10] The issue of any ambiguity in the language granting Schlapper an ingress/egress easement over the disputed tracts is not before us, and we have not considered it.

conclude that the plain language of the deed does not support Schlapper's reading of it. The deed does not distinguish between the "tract of land" and "the tract herein conveyed." Under the unambiguous terms of the deed, they are one and the same. Nor does the word "and" indicate that two tracts are conveyed. Giving it its ordinary, grammatical meaning, we conclude that the word "and" is merely the conjunction introducing the metes and bounds description of the .416 acre tract being conveyed. *See Gym-N-I Playgrounds, Inc. v. Snider*, 220 S.W.3d 905, 908-09 (Tex. 2007). In addition, the plain language of the deed unambiguously conveys an ingress/egress easement to the grantees. Striving to harmonize all parts of the deed, we conclude that to rely on the single use of the word "his" to conclude otherwise contravenes the plain meaning of the deed as a whole. *See Plainsman Trading*, 898 S.W.2d at 789.

Likewise, we conclude that Schlapper's proposed construction of the clause conveying the tract "subject to" the LCRA easement is unconvincing. The phrase "subject to" limits and defines the nature and extent of the estate conveyed but does not create affirmative rights. *Cockrell v. Texas Gulf Sulphur Co.*, 299 S.W.2d 672, 676 (Tex. 1956). Applying the plain meaning of the term, we conclude that, in the 1944 deed, the term "subject to" merely provided notice to the grantees of LCRA's outstanding interest and does not indicate that the grantors conveyed their fee simple interest in the three disputed tracts.

We further conclude that the disputed tracts did not pass to Schlapper through the 1991 deed as an appurtenance to the undisputed .416 acre tract. For the courts to construe a deed so as to convey an adjacent tract as an appurtenance, the appurtenant tract must be smaller than the tract conveyed and of no benefit or importance to the grantor. *Angelo v. Biscamp*, 441 S.W.2d 524,

11

526-27 (Tex. 1969). Because the "strip and gore" doctrine applies only when it is unclear whether the deed conveys the strip at issue, *Anderson v. Shaw*, No. 03-08-00352-CV, 2010 Tex. App. LEXIS 4578, at *20 (Tex. App.—Austin June 18, 2010, no pet.) (mem. op.), and because we conclude that the 1991 deed unambiguously conveys to Schlapper only the undisputed .416 acre tract, the doctrine is inapplicable here.

Because the plain language of the deeds clearly conveyed to Schlapper only the .416 acre tract and not a fee simple interest in the disputed tracts, we conclude that the district court did not misconstrue the deeds or misapply the rules of deed construction. We overrule Schlapper's first issue.

**Severance**

In her second issue, Schlapper asserts that the district court erred in severing Harbor Ventures's claim for declaratory relief regarding the extent of the rights granted to Schlapper by the language in the 1944 deed conveying an ingress/egress easement, and its related claim for injunctive relief.

Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." Tex. R. Civ. P. 41. Severance of claims under Rule 41 rests within the sound discretion of the trial court. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). A trial court properly exercises its discretion in severing claims if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *F.F.P. Operating*

12

*Partners v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007). We will not reverse a trial court's decision to sever claims absent an abuse of discretion. *Id.* A trial court commits an abuse of discretion when it acts "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

After reviewing the record, we conclude that the district court's severance of Harbor Ventures's claims met the standards of Rule 41of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 41. The pleadings clearly establish that the controversy involved two or more separate and distinct causes of action, each of which could be properly tried if asserted independently. *See Coalition of Cities for Affordable Util. Rates v. Public Util. Comm'n of Tex.*, 798 S.W.2d 560, 564 (Tex. 1990). The record further shows that the severed claims are not so interwoven with the remaining action that they involve the same facts and issues. The issues before us are ownership of the disputed tracts and Schlapper's derivative causes of action. The severed issues concerned the extent of the rights afforded Schlapper under the access easement over those tracts. The matter before us and the severed matters therefore involve different factual and legal issues, and "the severance did not result in duplicitous trials of interwoven or identical issues which might make severance inappropriate." *McGuire v. Commercial Union Ins. Co. of N. Y.*, 431 S.W.2d 347, 351 (Tex. 1968).[11] Because we conclude that the district court did not abuse its

---

[11] Schlapper argues that the rule that a court should construe the language of the deeds as a whole precluded severance. While Schlapper correctly states the rule of construction, the intent of the rule is to ensure that a court does not look at terms in isolation and gives effect to all parts of the conveyance. *Plainsman Trading Co. v. Crews*, 898 S.W.2d 786, 789 (Tex. 1995). On the record before us, we cannot conclude that the order granting severance prevented the district court's proper application of this rule of construction.

discretion in severing Harbor Ventures's claims for declaratory and injunctive relief, we overrule Schlapper's second issue.[12]

**Legal and Factual Sufficiency**

We construe Schlapper's third issue as a challenge to the legal and factual sufficiency of the evidence. When a trial court does not issue findings of fact and conclusions of law, we imply all findings necessary to support the judgment. *Sixth RMA Partners v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003). When the appellate record includes the reporter's and clerk's records, as in this case, the trial court's findings, express or implied, are not conclusive and may be challenged on appeal for evidentiary sufficiency. *Id.* We review a trial court's findings of fact for legal and factual sufficiency of the evidence by the same standards applied to a jury verdict. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). We review a trial court's conclusions of law *de novo* and will uphold the conclusions if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Although a trial court's conclusions of law may not be challenged for factual sufficiency, we may review the legal conclusions drawn from the facts to determine whether the conclusions are correct. *Id.*

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*,

---

[12] Even if we were to conclude that the order of severance was issued in error, there would be no practical effect to reversing it since final judgment has been entered and all appeals exhausted on the severed claims, and on the non-severed claims, final judgment has been entered and is under review in this appeal. *See Barnes v. University Fed. Credit Union*, No. 03-09-00003-CV, 2010 Tex. App. LEXIS 4069, at *12 (Tex. App.—Austin May 27, 2010, no pet.) (mem. op.).

14

168 S.W.3d 802, 807 (Tex. 2005). The test is "whether the evidence at trial would enable reasonable and fair-minded people to reach the [judgment] under review." *Id.* at 827. In reviewing factual sufficiency of the evidence, we consider and weigh all of the evidence in the record, and we may overturn a judgment only if it is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

In support of her evidentiary sufficiency arguments, Schlapper urges three grounds: (1) appellees disclaimed all the land she claims to own and are liable to Schlapper for trespass; (2) Flagship Marine and Shoreline Development appeared but failed to answer and admitted trespass; and (3) Harbor Ventures failed to show right, title, or interest in the disputed tracts and lacked standing to intervene.

Schlapper first states that "[d]efendants disclaimed all land and asked to be dismissed from the title causes,"[13] and asserts that the district court should have found that Schlapper is the owner of the disputed property and that the defendants were liable to her for damages for trespass. The record does not support Schlapper's contentions. Only the individual defendants filed pleadings disclaiming ownership of any of the disputed property, and the record shows that Harbor Ventures offered evidence that established its chain of title and ownership to the three disputed tracts, precluding any recovery by Schlapper for trespass on those tracts. *See Coastal Oil & Gas Corp. v. Garza Energy Trust*, 268 S.W.3d 1, 9 (Tex. 2008) ("'[T]he gist of an action of trespass to realty is the injury to the right of possession.'") (quoting *Pentagon Enters. v. Southwestern Bell Tel. Co.*, 540 S.W.2d 477, 478 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.)).

---

[13] The record contains an order granting in part the motion to dismiss filed by Forest, Childers, Uzell, Hanson, and Kuehl but does not contain the motion itself.

Schlapper also maintains that Flagship Marine and Shoreline Development were "properly served" but "defaulted and admitted the trespass." Schlapper failed to raise this issue in the district court and proceeded to trial against Flagship Marine and Shoreline Development. Therefore, Schlapper has waived the right to assert this argument on appeal. *See Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999) (per curiam). Even if she had not waived the issue, however, the record shows that Flagship Marine and Shoreline Development appeared, announced ready and participated in the trial by and through their attorney. "'Traditionally any sort of appearance will defeat a default.'" *Fowler v. Epps*, No. 03-08-00055-CV, 2010 Tex. App. LEXIS 1027, at *14 (Tex. App.—Austin Feb. 10, 2010, pet. filed) (mem. op.) (quoting *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998, no pet.)). We conclude that the parties' participation at trial precluded default. Moreover, because we conclude that Harbor Ventures offered evidence that proves it holds title to the three disputed tracts, Schlapper is not entitled to damages for trespass. *See Coastal Oil & Gas*, 268 S.W.3d at 10.

Schlapper next claims that the deeds relied on by Harbor Ventures are fraudulent, that Uzell and Hanson had no title to convey to Harbor Ventures, and that Harbor Ventures lacked standing. Because we conclude that Harbor Ventures offered evidence establishing its chain of title and ownership to the three disputed tracts, including the transfer of title to their predecessors in interest, Uzell and Hanson, Harbor Ventures had standing, as owner of the three disputed tracts, to intervene to assert its ownership rights. *See* Tex. Bus. Orgs. Code Ann. § 2.101(1), (3) (West Pamph. 2009).

16

Based on the record before us, we conclude that the evidence was sufficient to allow reasonable and fair-minded people to reach the judgment reached by the district court. *See City of Keller*, 168 S.W.3d at 827. We therefore hold that the evidence was legally sufficient to support the district court's judgment. In addition, after reviewing all of the evidence in the record, we cannot say that the district court's judgment is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Cain*, 709 S.W.2d at 176. We therefore hold that the evidence was factually sufficient to support the district court's judgment.[14] We overrule Schlapper's third issue.

**Attorney's Fees and Costs**

In her fourth issue, Schlapper claims that the district court erred in denying her attorney's fees and costs. An award of attorney's fees must be based on some statutory or contractual authority. *New Amsterdam Cas. Co. v. Texas Indus., Inc.*, 414 S.W.2d 914, 915 (Tex. 1967); Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008). When a statute provides that a trial court "may" award attorney's fees, such an award is discretionary, and we review the award under an abuse of discretion standard. *Bocquet v. Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998). Similarly, we review an award of costs to the prevailing party under Rule 131 of the Texas Rules of

---

[14] Although Schlapper claims in her third issue that the district court erred in entering a judgment against her on "all" causes of action, in her briefing, Schlapper addresses only those issues related to her title, trespass, and fraud causes of action and her request for attorney's fees. Schlapper also asserted causes of action for negligent misrepresentation, nuisance, civil conspiracy, conversion, assault, and injunctive relief. After reviewing the record, we conclude that the evidence was legally and factually sufficient to support the district court's judgment on these additional causes of action.

17

Civil Procedure under an abuse of discretion standard. *See Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 376 (Tex. 2001).

On appeal, Schlapper does not assert a specific basis to support an award of attorney's fees. At trial, she sought attorney's fees under Chapters 16 and 37 of the Texas Civil Practice and Remedies Code. Because the record shows that Schlapper was not the prevailing party, we conclude that the district court did not abuse its discretion in denying Schlapper's request for attorney's fees under section 16.034. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.034 (West Supp. 2009).[15] Further, because the district court severed Harbor Ventures's claim for declaratory relief, leaving no claim for declaratory relief before it in this matter, section 37.009 is not applicable, and we conclude that the district court did not abuse its discretion in failing to award Schlapper attorney's fees under that section. *See id.* § 37.009 (West 2008).

Schlapper contends that the district court also erred in failing to award her costs under Rule 799 of the Texas Rules of Civil Procedure, which governs judgments by default in trespass to try title cases. Tex. R. Civ. P. 799. Because no default judgment was entered in this case, Rule 799 is not applicable, and the district court did not abuse its discretion by failing to award Schlapper costs under that rule. Because Schlapper did not successfully prosecute her action, we further conclude that she is not entitled to costs under Rule 131, and the district court did not abuse its discretion in denying her request for costs. *See Cysco Enters. v. Hardeman*, No. 03-02-00230-CV, 2002 Tex. App. LEXIS 8955, at \*18-19 (Tex. App.—Austin Dec. 19, 2002, no pet.) (not designated for publication). We overrule Schlapper's fourth issue.

---

[15] Although this statute was amended in 2009, the amendment does not apply here. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 901, 2009 Tex. Gen. Laws 2431.

**CONCLUSION**

Having overruled all of Schlapper's issues, we affirm the district court's judgment.[16]

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton, and Waldrop

Affirmed

Filed:   August 24, 2010

---

[16] Schlapper has filed three motions which are pending before this Court:  (1) Verified Motion to Suspend Rules and Make a preliminary Ruling: Expedite: and Motion for Injunctive Relief and Sanctions in Monetary Relief; (2) Verified Motion for Extraordinary Relief, Verified Motion to Suspend Appellate Rules, Verified Motion for Injunction, Verified Motion for Preliminary Opinion, Verified Motion to Expedite as Urgent, Verified Motion to Extend Time; and (3) Appellant's Verified Motion to Expedite Appeal.  We deny these motions.