James KLEIN, Ramona Klein, and
Ruby Klein, Petitioners,

v.

Carol DOOLEY d/b/a Re–Max Champi-
ons, Steve Ernst, Elyse Ernst, and
Matthew Jones, Respondents.

No. 96–1285.

Supreme Court of Texas.

July 9, 1997.

Richard W. Ewing, Dennis M. Beck, Hous-
ton, for Petitioners.

Daniel L. Burkeen, Grosebeck, Thomas E.
Edmondson, William Brent Clarkson, James
F. Tyson, Houston, for Respondents.

PER CURIAM.

A defendant in a suit under the De-
ceptive Trade Practices Act may recover
costs and attorney's fees if the trial court
finds that the plaintiff's DTPA claims were
groundless or made in bad faith or for pur-
poses of harassment. TEX. BUS. & COM.CODE
§ 17.50(c). A plaintiff's voluntary nonsuit
does not affect a defendant's pending coun-
terclaim for costs and attorney's fees.
TEX.R. CIV. P. 162. Today we consider:
When DTPA plaintiffs take a voluntary non-
suit and the trial court later rules that the
defendants are not entitled to costs and fees
under section 17.50(c), does the trial court's
judgment preclude the plaintiffs from filing
their claims in a second suit, under Texas
Rule of Civil Procedure 97(a) governing com-
pulsory counterclaims? We hold that on
these facts, the trial court's judgment in the
first suit does not preclude the plaintiffs'
claims in a second suit.

James, Ramona, and Ruby Klein sued
Matthew Jones, Steve Ernst, Elyse Ernst,
and Carol Dooley for negligence and viola-

tions of various statutes including the Deceptive Trade Practices Act in connection with the Kleins' purchase of a house from Jones. Dooley and Steve Ernst asserted counterclaims under section 17.50(c) of the DTPA for costs and attorney's fees, alleging that the Kleins had filed groundless, bad faith, or harassing DTPA claims. At trial, the court excluded the Kleins' expert witness testimony and documentary evidence as a discovery sanction, and the Kleins announced a nonsuit without prejudice on all their claims.

The Kleins then sued Jones, the Ernsts and Dooley a second time, asserting the same factual allegations and the same theories of recovery except for the DTPA claims. Meanwhile, a year after the nonsuit, the trial court in the first suit found that the Kleins' DTPA allegations were not groundless, harassing, or in bad faith, and denied the pending counterclaims. Jones, the Ernsts, and Dooley then moved for summary judgment in the second suit, arguing the Kleins' claims were precluded by res judicata and Rule 97(a) governing compulsory counterclaims. Jones also moved for summary judgment on the Kleins' negligence claims on a limitations defense.

The trial court granted summary judgment for Jones, the Ernsts, and Dooley on all the Kleins' claims. The court of appeals affirmed, holding that the Kleins' real estate fraud claims were barred as compulsory counterclaims to Dooley's and Ernst's claims under section 17.50(c) for costs and attorney's fees based on the filing of groundless, bad faith, or harassing DTPA claims. We disagree.

■ The Kleins' DTPA and real estate fraud claims were not "counterclaims" to Dooley's and Ernst's derivative statutory claims for attorney's fees and costs, which arose when the Kleins filed their suit. When the Kleins exercised their right to nonsuit without prejudice under Rule 162, the claims for costs and attorney's fees remained before the trial court only because Rule 162 expressly permits a trial court to rule on such issues after a dismissal without prejudice. We will not construe Rule 97 to undermine the exact conduct that Rule 162 authorizes. Treating the Kleins' substantive claims as compulsory counterclaims to the DTPA costs and attorney's fees claims would defeat the purpose of section 17.50(c). Awards of costs and fees based on the filing of frivolous or harassing claims are intended "to deter similar conduct in the future and to compensate the aggrieved party by reimbursing the costs incurred in responding to baseless pleadings." *Scott & White Mem. Hosp. v. Schexnider*, 940 S.W.2d 594, 596–97 (Tex.1996). The court of appeals' holding, however, would have a chilling effect on appropriate nonsuits in actions that include a counterclaim for attorney's fees and costs based on filing of a frivolous claim. *Cf. Felderhoff v. Knauf*, 819 S.W.2d 110, 111 (Tex.1991).

We hold that the Kleins' claims were not compulsory counterclaims to Dooley's and Ernst's claims for costs and attorney's fees under section 17.50(c). Under Texas Rule of Appellate Procedure 170, we grant Petitioners' application for writ of error, and, without hearing oral argument, we reverse the trial court's summary judgment for Dooley and the Ernsts. Because the court of appeals did not consider whether Jones was entitled to summary judgment based on his limitations defense, we remand this suit to the court of appeals to resolve that issue and for further proceedings consistent with this opinion.