**Affirmed and Majority and Concurring Opinions filed July 25, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00766-CV

---

### F. DON LACY AND HOMES AND MORE, Appellants

### V.

### LUIS A. CASTILLO, Appellee

---

**On Appeal from the 410th District Court
Montgomery County, Texas
Trial Court Cause No. 16-05-06328-CV**

---

## C O N C U R R I N G   O P I N I O N

A plaintiff took a nonsuit without prejudice three days before the defendants' summary-judgment motion was to be submitted to the trial court for ruling. This appeal presents a straightforward question of law:

> *If a plaintiff takes a nonsuit without prejudice to avoid an unfavorable ruling on the merits, may the trial court rule that the nonsuit was with prejudice even though denominated as a nonsuit without prejudice?*

The answer is "no." So, the trial court did not err in declining to rule that the

plaintiff's nonsuit was with prejudice.

### *The Lawsuit*

Appellee/plaintiff Luis A. Castillo filed suit against appellants/defendants F. Don Lacy and Homes and More (the "Lacy Parties") asserting various claims. The Lacy Parties did not assert a counterclaim, although they alleged in their answer that Castillo's suit was groundless, brought in bad faith, and brought to harass the Lacy Parties. The Lacy Parties sought to recover reasonable and necessary attorney's fees under Texas Business and Commerce Code section 17.50(c).[1] The Lacy Parties did not seek attorney's fees under any contract clause providing that a prevailing party has a right to recover its attorney's fees.

### *The Nonsuit*

The Lacy Parties moved for summary judgment as to all of Castillo's claims. Three days before the submission date, Castillo took a nonsuit without prejudice. The trial court signed an order granting the nonsuit without prejudice. The Lacy Parties then filed a motion in which they asked the trial court for a ruling that (1) Castillo took a nonsuit without prejudice to avoid an unfavorable ruling on the merits, and (2) because of this action by Castillo, the nonsuit was with prejudice even though Castilllo had dubbed it a nonsuit without prejudice. The trial court denied the motion without specifying its reasons.

### *The Analysis on Appeal*

In a single appellate issue, the Lacy Parties ask whether the trial court erred in denying their motion to declare Castillo's notice of nonsuit without prejudice to be a notice of nonsuit with prejudice. This court should overrule the issue because, as a matter of law, even if a plaintiff takes a nonsuit without prejudice to avoid an

---

[1] *See* Tex. Bus. & Com. Code § 17.50(c).

unfavorable ruling on the merits, the trial court may not declare that the nonsuit was with prejudice.[2]

The parties have not cited and research has not revealed any case in which a court holds or states that if a plaintiff takes a nonsuit without prejudice to avoid an unfavorable ruling on the merits, the trial court may declare that the nonsuit was with prejudice even though the plaintiff denominated it as a nonsuit without prejudice. The case the Lacy Parties cite for this proposition, *Epps v. Fowler*,[3] does not support it.[4]

In *Epps*, the defendants sought attorney's fees from the plaintiffs based on a contractual provision entitling the prevailing party in any legal proceeding relating to the contract to recover its reasonable attorney's fees.[5] The defendants filed a motion for summary judgment.[6] The day after the plaintiffs filed their response, they filed a notice of nonsuit without prejudice.[7] The parties proceeded to trial on the defendants' requests for attorney's fees.[8] After trial, rather than sign an order granting the plaintiffs' nonsuit without prejudice, the trial court rendered judgment that the plaintiffs take nothing and ordered the plaintiffs to pay the defendants'

---

[2] *See Epps v. Fowler*, 351 S.W.3d 862, 865–70 (Tex. 2011); *Klein v. Dooley*, 949 S.W.2d 307, 308 (Tex. 1997) (per curiam); *Solum Engineering, Inc. v. Starich*, No. 14-13-00428-CV, 2014 WL 4262175, at *3-4 (Tex. App.—Houston [14th Dist.] Aug. 28, 2014, pet. denied)(mem. op.); *In re Strachan*, No. 14-08-00299-CV, 2008 WL 4394734, at *1 & n.1 (Tex. App.—Houston [14th Dist.] Sep. 11, 2008, orig. proceeding)(mem. op.).

[3] *Epps*, 351 S.W.3d at 865–70.

[4] *See id.*

[5] *See id.* at 865.

[6] *See id.*

[7] *See id.*

[8] *See id.*

reasonable attorney's fees under the prevailing-party provision of the contract.[9] The court of appeals held that the plaintiffs had the right to take a nonsuit without prejudice and that the trial court erred in rendering judgment on the merits.[10] The court of appeals modified the trial court's judgment to reflect that the plaintiffs' claims were dismissed without prejudice.[11] The court of appeals reversed the award of attorney's fees, concluding that the defendants could not be prevailing parties if the claims against them were dismissed without prejudice, without an adjudication on the merits.[12]

The Supreme Court of Texas granted review in *Epps* to decide whether a defendant may be a prevailing party when the plaintiff takes a nonsuit without prejudice.[13] The high court held that a defendant may be a prevailing party for the purposes of a prevailing-party attorney's-fees provision if the plaintiff takes a nonsuit without prejudice and if the trial court determines, on the defendant's motion, that the defendant took the nonsuit without prejudice to avoid an unfavorable ruling on the merits.[14] The high court did not say that if the trial court makes this determination, the nonsuit without prejudice would be transformed into a nonsuit with prejudice.[15] Indeed, the premise of the *Epps* court's inquiry was that the plaintiffs had taken a nonsuit without prejudice.[16]

---

[9] *See id.*

[10] *See id.*; *Fowler v. Epps*, 352 S.W.3d 1, 3 (Tex. App.—Austin 2010), *vacated*, 351 S.W.3d 862, 872 (Tex. 2011).

[11] *See id.* at 865.

[12] *See id.*

[13] *See id.*

[14] *See id.* at 870.

[15] *See id.* at 865–70.

[16] *See id.*

In *Epps*, the supreme court addressed the circumstances under which a defendant may recover attorney's fees as a prevailing party in a lawsuit even though the plaintiff took a nonsuit without prejudice.[17]  In today's case, the Lacy Parties did not seek to recover attorney's fees under a contract providing that a prevailing party may recover attorney's fees; rather, they sought to have the trial court declare that Castillo's nonsuit without prejudice was with prejudice even though Castillo denominated it as a nonsuit without prejudice.  Neither *Epps* nor any other case the Lacy Parties have cited supports this notion.[18]

In Texas, a plaintiff may take a nonsuit without prejudice as a matter of right at any time before the plaintiff has introduced all of plaintiff's evidence at trial, other than rebuttal evidence.[19]  If a plaintiff takes a nonsuit after the trial court has adjudicated the merits of some of the plaintiff's claims, for example by granting a partial summary judgment, a nonsuit without prejudice results in a dismissal with prejudice of the already-adjudicated claims and a dismissal without prejudice of the plaintiff's other claims.[20]

In today's case, when Castillo took a nonsuit without prejudice, the trial court had not ruled on the merits of any claims; so, this exception does not apply, and Castillo had the right to take a nonsuit without prejudice, resulting in the dismissal without prejudice of all of Castillo's claims.[21]  To the extent the statute of limitations

---

[17] *See id.*

[18] *See id.*

[19] *See* Tex. R. Civ. P. 162; *Klein v. Dooley*, 949 S.W.2d 307, 308 (Tex. 1997) (stating that plaintiffs have a "right to nonsuit without prejudice under Rule 162").

[20] *See Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995)(per curiam); *see also Harris County v. Sykes*, 136 S.W.3d 635, 642 n.13 (Tex. 2004) (Brister, J., concurring) (stating that *Hyundai Motor Co.* court held "that nonsuit without prejudice nevertheless operates as a dismissal with prejudice as to issues decided in earlier partial summary judgment").

[21] *See Epps*, 351 S.W.3d at 868–70; *Klein*, 949 S.W.2d at 308; *In re Strachan*, 2008 WL 4394734, at *1 & n.1.  A plaintiff who takes a nonsuit without prejudice is also subject to the preclusive

might bar Castillo's claims if he re-filed them in a second lawsuit, statute of limitations is an affirmative defense that the Lacy Parties would have to raise in the second suit.[22] The possibility that limitations might bar these claims does not convert the nonsuit without prejudice in this case into a nonsuit with prejudice.[23] If Castillo had no plans to re-file his claims, Castillo had the option to take a nonsuit with prejudice, which amounts to an adverse judgment on the merits.[24] But Castillo did not make this election, and, under the facts of today's case, Castillo had an absolute right to take a nonsuit without prejudice.[25]

Presuming for the sake of argument that Castillo took a nonsuit without prejudice to avoid an unfavorable ruling on the merits, that action would not allow the trial court to declare Castillo's notice of nonsuit without prejudice to be a notice of nonsuit with prejudice.[26] The majority does not state that the trial court properly could make this declaration if Castillo took a nonsuit without prejudice to avoid an unfavorable ruling on the merits. Instead, the majority determines that the trial court did not err in implicitly finding that Castillo did not take a nonsuit without prejudice to avoid an unfavorable ruling on the merits. Thus, the majority appears to conclude

---

effect of any prior venue determination by the trial court. *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008). But, this preclusive effect does not result in a dismissal with prejudice; rather, it means that the plaintiff must file any later suit in the venue determined by the trial court in the first case, and if the plaintiff does not do so, the case will be transferred to that venue. *See id.* at 259–61. In today's case, the trial court did not make any venue determination.

[22] *See Epps*, 351 S.W.3d at 869, n.8.

[23] *See id.*

[24] *See id.* at 868–69.

[25] *See In re Marriage of Montgomery*, No. 14-15-00203-CV, 2016 WL 1533930, at *1 (Tex. App.—Houston [14th Dist.] Apr. 14, 2016, no pet.) (mem. op.) (holding plaintiff had absolute right to take nonsuit before the hearing on the defendants' summary-judgment motion and thus to avoid an adjudication of her claims on the merits by summary judgment).

[26] *See Epps*, 351 S.W.3d at 868–70; *Klein*, 949 S.W.2d at 308; *In re Marriage of Montgomery*, 2016 WL 1533930, at *1; *In re Strachan*, 2008 WL 4394734, at *1 & n.1.

6

that, even if the law were as the Lacy Parties assert, the trial court did not err based on the facts. I respectfully disagree with the majority's analysis as to how the trial court properly could have found that Castillo did not take a nonsuit without prejudice to avoid an unfavorable ruling on the merits. The better course would be to affirm the trial court's ruling on the legal basis set forth above. For this reason, I join the court's judgment but respectfully decline to join the majority opinion.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan (Hassan, J., majority).