**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00124-CV**
_____

**BOB BAGLEY, CALEB SMITH, BILL PHILIBERT, JIM DOYLE, GWEN WITHROW, STEVEN FOSTER, SUSAN LOVE, BRIGETTA MILLEN, MARA WASAR, MARY LEWIS, SHERRY TAVEL, STEPHANIE COX, LONNA HORD, JACKIE WILLIAMS, AND PATRICK TEICH, Appellants**

**V.**

**BRYAN CHRIST, MATT MITCHELL, AND CHARLES A. PARADA, Appellees**

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 23-12-17966-CV**
_____

**MEMORANDUM OPINION**

Appellants Bob Bagley, Caleb Smith, Bill Philibert, Jim Doyle, Gwen Withrow, Steven Foster, Susan Love, Brigetta Millen, Mara Wasar, Mary Lewis, Sherry Tavel, Stephanie Cox, Lonna Hord, Jackie Williams, and Patrick Teich (collectively "Appellants" or "Defendants") appeal from an order denying a motion

1

to dismiss that Appellants filed under the Texas Citizens Participation Act ("TCPA"). In the TCPA Motion, the Appellants argued that the lawsuit filed against them by Bryan Christ, Matt Mitchell, and Charles A. Parada (collectively "Appellees" or "Plaintiffs") should be dismissed under the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-27.011 (the TCPA). The Plaintiffs voluntarily nonsuited their lawsuit before the Defendants filed their answer and before the Defendants filed their motion to dismiss under the TCPA. Under these circumstances and for the reasons explained below, we affirm the trial court's ruling.

Procedural Background

This lawsuit relates to leadership disputes among some individuals in the Montgomery County Republican Party. On December 4, 2023, Plaintiffs filed an Original Petition for Declaratory Judgment, Request for Temporary Restraining Order & Request for Temporary Injunction against the named Defendants. Therein, Plaintiffs alleged that the Defendants were not on the "official list" of precinct chairs and were not "members of the senate district executive committees" of the Montgomery County Republican Party, and Plaintiffs alleged the Defendants had represented to others that they were precinct chairs and, unless enjoined by the court, they would attempt to participate in the election of senate district executive committee chairs even though they were not members of those committees. Plaintiffs sought a declaration that Defendants were not Montgomery County Republican

2

precinct chairs or members of the Republican senate district executive committees in Montgomery County, Texas. Plaintiffs also sought injunctive relief to enjoin Defendants from "conducting official business as members at the December 5, 2023 senate district executive committee meetings [] and future meetings[.]"

Randy McDonald was appointed as the trial court judge by the Regional Administrative Judge to hear the matter, and on December 5, 2023, the trial court signed an order granting a Temporary Restraining Order to be effective for fourteen days and setting a bond in the amount of $100. The order also set December 15, 2023, as the date for a hearing on Plaintiffs' request for a temporary injunction.

Before Defendants filed any responsive pleading or motion, Plaintiffs filed a Notice of Nonsuit Without Prejudice as to "all claims asserted herein against the Defendants" and stated Plaintiffs "no longer desire to prosecute this suit against Defendants." The notice also stated, "This notice shall take effect upon filing with the Clerk of the Court, pursuant to the Texas Rules of Civil Procedure." The date stamp reflects that the Notice of Nonsuit was e-filed with the District Clerk for Montgomery County, Texas at 12:28 p.m. on December 13, 2023.

Later that same day, at 2:35 p.m., Defendants filed a General Denial, Counterclaim for Damages for Wrongful Restraint, and TCPA Motion to Dismiss. Defendants sought dismissal under Rule 91a of the Texas Rules of Civil Procedure, argued that Plaintiffs' request for a declaratory judgment failed to name all members

3

of the Montgomery County Republican Party who would be affected, and sought dismissal of the Plaintiffs' suit under the TCPA because Plaintiffs' claim for declaratory judgment related to Defendants' right of association and because Plaintiffs could not make a prima facie case for their claim for failure to join all necessary parties. Defendants sought attorney's fees under Rule 91a.7 and sought attorney's fees and sanctions under the TCPA. Defendants further stated a counterclaim for wrongful injunctive relief.[1]

On December 13, 2023, the trial court signed an Order of Nonsuit Without Prejudice as to all claims filed by Plaintiffs against Defendants. A few days later, Defendants filed Counter-Plaintiffs' First Amended Counterclaim for Wrongful Restraint, TCPA Motion to Dismiss and Rule 10 Sanctions. According to the Amended Counterclaim, Plaintiffs' nonsuit mooted Defendants' Rule 91a motion but not their counterclaims based on the TCPA nor their common law claim for wrongful injunction. Defendants conceded that Plaintiffs' application for temporary restraint was mooted but argued that the application for a TRO was not meritorious and should have been denied because Plaintiffs could not show irreparable harm, and because the dispute would have been resolved by the Texas Republican Party's Credentials Committee at the state convention. Defendants also argued that, even

---

[1] Appellants' brief on appeal does not raise any issues related to their counterclaim for wrongful injunctive relief nor their Rule 91a motion.

though the restraining order was mooted, Plaintiffs' restraining order was wrongfully granted, and it should have been denied because Plaintiffs failed to make diligent efforts to notify the Defendants of the hearing on the TRO, the requested TRO prevented no irreparable harm, and the suit was filed for the improper purpose of harassment.

Defendants also argued that Plaintiffs' nonsuit did not moot their TCPA motion to dismiss because "TCPA motions to dismiss survive voluntary nonsuits, as they are a motion to dismiss that may afford more relief than a nonsuit affords and constitute a claim for affirmative relief that survives a nonsuit." Defendants alleged that Plaintiffs nonsuited their claims "only after Defendants' counsel [] warned opposing counsel that a TCPA motion to dismiss was forthcoming." Defendants further argued that an award of attorney's fees and sanctions is mandatory under the TCPA upon dismissal.

Defendants subsequently filed a Motion for Partial Summary Judgment on Liability for Wrongful Temporary Restraining Order and Motion to Show Cause Concerning Contempt.[2] Therein, Defendants explained that Plaintiffs' original request for a TRO was "misleading," it failed to advise the trial court of the relevant facts, and it failed to give notice to the Defendants. Defendants further argued that

_____

[2] Appellants' brief on appeal raises no issue related to their Motion for Partial Summary Judgment.

5

Plaintiffs' nonsuit did not moot Defendants' claim for damages due to the TRO. Defendants asked the trial court to set a trial on actual damages and to set a show cause hearing.

Plaintiffs filed a Response to Defendants' TCPA Motion to Dismiss, Rule 10 Sanctions, Motion for Partial Summary Judgment, and Motion to Show Cause. Plaintiffs argued that their nonsuit under Rule 162 rendered the matter moot and ended the trial court's jurisdiction over Defendants' claims. Plaintiffs further argued that their lawsuit was not covered by the TCPA because it was not based on, related to, or in response to Defendants' exercise of the rights of free speech, petition, or association. According to Plaintiffs, their claims were not brought for any improper purpose, Defendants failed to establish a claim for civil malicious prosecution, and the Plaintiffs asked the trial court to dismiss all of Defendants' claims and declare the matter moot.

Plaintiffs argued that they had an "unqualified and absolute right" to nonsuit their claims, and at the time of the nonsuit, the only claims pending before the trial court were those that Plaintiffs asserted against Defendants. Plaintiffs further argued that because a nonsuit terminates a case from the moment it is filed, and because Defendants had no pending claims against Plaintiffs when Plaintiffs nonsuited their claims, the nonsuit rendered Defendants' claims moot. According to Plaintiffs, to survive a Rule 162 nonsuit, a TCPA motion to dismiss must be filed before the

nonsuit, citing to *Iola Barker v. Hurst*, No. 01-17-00838-CV, 2018 Tex. App. LEXIS 4555, at **10-13 (Tex. App.—Houston [1st Dist.] June 21, 2018, no pet.) (mem. op.) (concluding that defendants' TCPA motion to dismiss was a claim for affirmative relief that survived a later-filed Rule 162 nonsuit by the plaintiff). Plaintiffs also distinguished a case[3] cited by Defendants as pertaining to a TCPA motion to dismiss filed before a nonsuit was taken.

Plaintiffs further argued that their original claims against Defendants did not invoke the TCPA because their claims were "narrowly requested to cease violating state law" and did not relate to the rights of free speech, petition, or association. According to Plaintiffs, exhibits attached to their Original Petition established a prima facie case for their claims. Plaintiffs also argued that because Defendants filed their TCPA motion to dismiss after Plaintiffs nonsuited their case, Defendants engaged in "frivolous pleading[.]"

The Defendants filed a Reply in Support of Motion for Summary Judgment and TCPA Motion to Dismiss. In the Reply, Defendants acknowledged that Plaintiffs nonsuited their claims before Defendants filed their counterclaims, but Defendants argued that the "damage" done by the wrongful TRO Plaintiffs sought

---

[3] *See Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 Tex. App. LEXIS 4653, at **34-37 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.) (concluding trial court erred by dismissing defendants' TCPA motion to dismiss because the nonsuit dismissed claims only as to some, and not all, defendants, and claims against another defendant remained pending).

survived because the trial court's order of dismissal did not dispose of all claims and because a trial court retains plenary power to decide a motion for sanctions after it renders an order of dismissal. Defendants suggested that their counterclaims should be severed rather than dismissed.[4] Defendants further argued that the TRO that Plaintiffs obtained was not enforceable because it was not supported by a bond. According to Defendants' Reply, the trial court's order dismissing Plaintiffs claims without prejudice was not final because at the time of the dismissal order, the Defendants' TCPA motion to dismiss and counterclaims were pending. And Defendants argued that, even after Plaintiffs filed their nonsuit, the trial court retained plenary power for thirty days, during which time it had jurisdiction over Defendants' "sanction-related claims[.]" Defendants asserted that "the TCPA motion cannot dismiss a claim already dismissed, but it can add to the dismissal the element of prejudice, and award sanctions[,]" citing to *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (per curiam). And, according to Defendants, "a TCPA claim necessarily and always seeks mandatory sanctions[.]"

On March 12, 2024, the trial court signed an Order on Defendants' TCPA Motion to Dismiss, denying Defendants' motion and finding "that Defendants' TCPA Motion to Dismiss was frivolous in that it lacked no basis in law or fact and lacks a legal basis or legal merit because Defendants filed their TCPA Motion to

---

[4] Appellants do not pursue their argument for severance in this appeal.

Dismiss after Plaintiffs had already taken a nonsuit in the [] matter." The Order did not award any party attorney's fees and stated, "all relief not expressly granted herein is denied with respect to Defendants' TCPA Motion to Dismiss." Defendants timely filed a Notice of Appeal.

Issues

On appeal, Appellants argue that Appellees' Notice of Nonsuit Without Prejudice cannot moot Appellants' TCPA motion to dismiss. We quote their issues below:

1. Did Plaintiffs/Appellees['] Notice of Dismissal Without Prejudice moot Defendants/Appellants' TCPA motion to dismiss, filed about two hours later on the same day, though the trial court had not issued an Order of Dismissal?
2. Was the trial court's Order of Dismissal Without Prejudice a "final judgment" mooting Appellants' TCPA motion to dismiss?
3. Did the trial court abuse its discretion by denying Appellants' TCPA Motion to Dismiss?
4. Did the trial court abuse its discretion by concluding that Appellants' TCPA Motion to Dismiss was frivolous?

Standard of Review and Applicable Law

We review an order denying a motion to dismiss under the TCPA under a de novo standard of review. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018); *Walker v. Hartman*, 516 S.W.3d 71, 79-80 (Tex. App.— Beaumont 2017, pet. denied). Rule 162 of the Texas Rules of Civil Procedure provides as follows:

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. . . .

Tex. R. Civ. P. 162. The Texas Supreme Court has explained that the nonsuit extinguishes a case or controversy from the moment the motion is filed (or an oral motion is made in open court), and the only requirement is the mere filing of the motion with the clerk of the court. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (quotations omitted) (citing *Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990); *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982)). A plaintiff's nonsuit is effective immediately upon filing, and it renders the merits of the nonsuited case moot. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *see also Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) ("A nonsuit terminates a case 'from the moment the motion is filed.'") (quoting *Joachim*, 315 S.W.3d at 862). A trial court's granting of a nonsuit is a ministerial act, and the trial court generally has no discretion to refuse to sign an order for dismissal once notice of nonsuit has been

filed. *See In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding); *In re Bennett*, 960 S.W.2d at 38. Because a plaintiff's nonsuit is effective upon its filing, a trial court errs by holding a hearing on a defendant's later-filed claim for affirmative relief. *See Greenberg*, 640 S.W.2d at 870-72.

A nonsuit has the effect of terminating a case from the moment the motion is filed, but it does not affect the right of an adverse party to be heard on a then-pending claim for affirmative relief. *See N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897 (Tex. 1966); *Klein v. Dooley*, 949 S.W.2d 307, 307 (Tex. 1997) (per curiam); *N. Star Water Logic, LLC v. Ecolotron, Inc.*, 486 S.W.3d 102, 106 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Epps*, 351 S.W.3d at 868). "A claim for affirmative relief is one 'on which the claimant could recover compensation or relief even if the plaintiff abandons his cause of action.'" *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 38 (Tex. 2008) (quoting *Univ. of Tex. Med. Branch at Galveston*, 195 S.W.3d at 101). "To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff[']s claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *Gen. Land Off. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990). In other words,

11

"[p]arties have an absolute right to nonsuit *their own* claims, but not *someone else's* claims they are trying to avoid." *Ledbetter*, 251 S.W.3d at 37.

Appellants concede that they filed their counterclaim after Appellees filed their nonsuit: "After Appellees filed their notice of dismissal, but before the trial court issued an order of dismissal, Appellants filed counterclaims for the wrongful TRO and a motion to dismiss under the TCPA." However, Appellants maintain that while a motion to dismiss under the TCPA cannot dismiss a claim already dismissed, "it can add to the dismissal the element of prejudice, and award sanctions[,]" citing *In re Bennett*, 960 S.W.2d at 38.

We agree that a defendant's motion to dismiss filed under the TCPA survives a nonsuit that a plaintiff files *after* the TCPA motion to dismiss is filed. *Walker*, 516 S.W.3d at 80 (discussing *Rauhauser v. McGibney*, 508 S.W.3d 377 (Tex. App.—Fort Worth 2014, no pet.)). The Houston First Court of Appeals has explained that a TCPA motion to dismiss survives a *later*-filed nonsuit where the TCPA motion to dismiss sought dismissal with prejudice, attorney's fees, costs, and sanctions, and therefore constituted a "pending claim for affirmative relief" under Rule 162. *Iola Barker*, 2018 Tex App. LEXIS 4555, at \*12; *see also Hum. Power of N Co. v. Turturro*, No. 03-24-00305-CV, 2024 Tex. App. LEXIS 7791, at \*9 (Tex. App.—Austin Nov. 1, 2024, no pet.) (mem. op.) (explaining that a TCPA motion to dismiss constitutes a claim for affirmative relief and survives the other parties nonsuit where

12

the TCPA motion to dismiss was filed before the nonsuit; also collecting cases standing for the same proposition).

Additionally, even after a nonsuit has been filed, "a trial court retains jurisdiction to address collateral matters, such as motions for sanctions, even when such motions are filed after the nonsuit, as well as jurisdiction over any remaining counterclaims." *Joachim*, 315 S.W.3d at 863 (citing *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (per curiam)). Appellants cite to *Scott & White*, in which the Texas Supreme Court explained that "[a] trial court's power to decide a motion for sanctions pertaining to matters occurring before judgment is no different than its power to decide any other motion during its plenary jurisdiction." 940 S.W.2d at 596. In *Scott & White*, the Supreme Court upheld a trial court's imposition of attorney's fees as sanctions that defendants sought after the plaintiffs had nonsuited most of the defendants and where defendants asserted that plaintiffs' lawsuit was frivolous and for the purpose of harassment. *Id.* We note that in *Scott & White*, plaintiffs nonsuited their claims against most, but not all, of the defendants and only after the defendants had filed a motion for summary judgment. *Id.* at 595. Therefore, we find *Scott & White* distinguishable because (1) plaintiffs in *Scott & White* only nonsuited their claims as to some defendants and then only after defendants had filed their motion for summary judgment, and (2) *Scott & White* also does not concern a TCPA motion to dismiss.

13

We similarly distinguish *Crites v. Collins*, 284 S.W.3d 839 (Tex. 2009) (per curiam), which is also cited by Appellants. In *Crites*, the Supreme Court explained that a trial court may consider a motion for sanctions under the Medical Liability Insurance Improvement Act ("MLIIA") filed after the plaintiff filed a nonsuit. *See id.* at 840. We find *Crites* inapplicable to our case because the motion for sanctions in *Crites* was not part of a TCPA motion to dismiss, and the Supreme Court explained that "sanctions authorized under the MLIIA remain available following a voluntary nonsuit filed after the expert deadline." *See id.*

Under the TCPA, a prevailing movant on a motion to dismiss may recover attorney's fees and sanctions "sufficient to deter the party who brought the legal action from bringing similar actions" in the future. Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(2); *see also Tex. Right to Life v. Van Stean*, 702 S.W.3d 348, 357 (Tex. 2024).

Appellants argue that because sanctions and attorney's fees may be awarded under the TCPA, Plaintiffs' nonsuit did not render the counterclaims and dismissal sought under the TCPA moot. The TCPA provides, in relevant part,

> If a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action.

14

Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). The TCPA defines "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* § 27.001(6). In moving for dismissal under the TCPA, a party must show by a preponderance of the evidence that the plaintiff's challenged claim is based on, related to, or is in response to the movant's exercise of the right to free speech, right to petition, or right of association. *Id.* § 27.005(b); *see also Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018) ("A party may invoke the TCPA dismissal procedure if that party shows by a preponderance of the evidence that the legal action against it 'is based on, relates to, or is in response to' the party's exercise of the right to speak, petition, or associate.").

The TCPA provides a three-step process courts must follow in deciding whether to dismiss a "legal action" to which the TCPA applies. *Montelongo v. Abrea*, 622 S.W.3d 290, 295-96 (Tex. 2021). First, the defendant who has moved to dismiss must show by a preponderance of the evidence that the plaintiff's claim is based on, relates to, or is in response to the movant's exercise of (1) the right of free speech, (2) the right to petition, or (3) the right of association. *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam) (citing Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)). Next, if the defendant meets its burden, the burden shifts to the plaintiff to "establish[] by clear and specific evidence a prima

15

facie case for each essential element of the claim in question." *Id.* at 899 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c)); *Montelongo*, 622 S.W.3d at 296. If the plaintiff makes this showing, the court will dismiss the action if the defendant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d); *Montelongo*; 622 S.W.3d at 296. However, if a plaintiff cannot overcome its burden in step two to establish a prima facie case for its claims, then a defendant may recover its attorney's fees, litigation expenses, or sanctions. Tex. Civ. Prac. & Rem. Code Ann. § 27.009.

Appellants argue that because the trial court retained plenary jurisdiction to decide "any other motion[]" after Plaintiffs nonsuited their claims, Plaintiffs' nonsuit did not moot their TCPA motion to dismiss. Appellants requested attorney's fees in the trial court (after Plaintiffs nonsuited) under Rule 91a.7 and under the TCPA. We read Appellants' brief on appeal as addressing only their claims under the TCPA. Unlike *Scott & White*, here the Appellants sought attorney's fees and sanctions *as part of* their TCPA motion to dismiss and not as a separate or collateral motion. *See In re Bennett*, 960 S.W.2d at 39 (explaining that after a plaintiff's nonsuit, a trial court may determine collateral issues). Therefore, here any award of attorney's fees or sanctions would depend on Appellants prevailing in the TCPA's burden-shifting framework described above. For Appellants to prevail on their TCPA motion, they

16

would have had to establish that the then-existing legal action was covered by the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b); *ExxonMobil Pipeline Co.*, 512 S.W.3d at 898. At the time the TCPA Motion to Dismiss was filed, there was no longer any existing legal action because Plaintiffs' nonsuit extinguished the legal action[5] and rendered the *later-filed* TCPA motion to dismiss—including that motion's request for attorney's fees and sanctions—moot. *See Joachim*, 315 S.W.3d at 862.

Therefore, we overrule all of Appellants' issues, and we conclude that the trial court did not err by denying Appellants' TCPA Motion to Dismiss "because Defendants filed their TCPA Motion to Dismiss after Plaintiffs had already taken a nonsuit in the [] matter." We affirm.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on April 17, 2025
Opinion Delivered May 8, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[5] We express no opinion on the merits of the claims asserted in the Plaintiffs' Original Petition, or on the merits of the Defendants' TCPA motion to dismiss, or on the merits of the counterclaims filed by the Defendants. Appellees did not file a cross-appeal or challenge the trial court's decision not to award any attorney's fees.