# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-24-00063-CV

### GFF Texas Holdings, LLC, Appellant

### v.

### Frank Lawson; Warren Lawson; and Jubilee Springs, LLC, Appellees

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 22DCV331419, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

GFF Texas Holdings, LLC (GFF Texas) appeals from the trial court's judgment awarding Frank Lawson; Warren Lawson; and Jubilee Springs, LLC (collectively, "the Lawsons") declaratory relief and attorneys' fees on their request under the Uniform Declaratory Judgments Act (UDJA) for a declaration that no easements—express, prescriptive, by necessity, or otherwise—exist on the Lawson Family Ranch that would give the owner or occupier of the property owned by GFF Texas any right to use the Lawson Family Ranch for any purpose. In two issues, GFF Texas asserts that the trial court did not have jurisdiction to render the judgment, and that the court improperly awarded the Lawsons $17,550 in litigation expenses. We will affirm.

## BACKGROUND

After purchasing a landlocked 7-acre tract of land in Bell County at a tax foreclosure sale, GFF Texas sued the Lawsons, owners of four neighboring tracts of land (the Lawson Family Ranch), seeking a declaration that GFF Texas owns an easement by necessity over the Lawson Family Ranch. *See* Tex. Civ. Prac. & Rem. Code § 37.004 (permitting person who is interested in a deed, or whose rights, status, or other legal relations are affected by statute to obtain declaration of rights, status or other legal relations thereunder). The Lawsons filed a general denial and a counterclaim seeking a declaration that no unity of ownership existed between the property purchased by GFF Texas and the Lawson Family Ranch and that, consequently, GFF Texas was not entitled to an easement by necessity or to any of its requested declaratory relief. *See Staley Family P'ship, Ltd. v. Stiles*, 483 S.W.3d 545, 548 (Tex. 2016) (party claiming easement by necessity must show unity of ownership of alleged dominant and servient estates before severance). The Lawsons also requested an award of attorneys' fees. *See* Tex. Civ. Prac. & Rem. Code § 37.009 (in proceeding under UDJA court may award costs and reasonable and necessary attorneys' fees as are equitable and just).

The Lawsons filed a traditional and no-evidence motion for summary judgment asserting that GFF Texas had adduced no evidence supporting the element of unity of ownership, an element of its claim to an easement by necessity, and that, as a matter of law, there was never any unity of ownership between the property purchased by GFF Texas and the Lawson Family Ranch.[1] GFF Texas then amended its petition to seek additional declarations that it had an express or, alternatively, a prescriptive easement over the Lawson Family Ranch and filed a

---

[1] The Lawsons submitted evidence of the Lawson Family Ranch chain of title and the GFF Texas property chain of title to establish their claim that there was no unity of ownership.

response to the summary-judgment motion asserting that the Lawsons' motion for summary judgment did not address their alternative claims to an express or prescriptive easement. GFF Texas also designated an expert to testify regarding the chain of title issue, claiming that the expert would testify that GFF Texas had an express and prescriptive easement over the Lawson Family Ranch.

In July 2023, the court signed an agreed scheduling order establishing deadlines for discovery and setting the case for trial on January 12, 2024. In October 2023, the Lawsons filed an amended counterclaim seeking a declaration that GFF Texas had no easement of any type—by necessity, prescriptive, or express—over the Lawson Family Ranch. The Lawsons also filed a second traditional and no-evidence motion for summary judgment on GFF Texas's claim to have an express easement over the Lawson Family Ranch. The Lawsons argued that GFF Texas had adduced no evidence to support any elements of its claim to have an express easement in its favor over the Lawson Family Ranch. *See* Tex. Prop. Code § 5.021 (express easement must be reduced to writing, express an intent to convey easement, provide adequate property description of servient estate, and be executed by grantor or agent of grantor). The Lawsons also asserted, with supporting evidence including deposition testimony from GFF Texas's corporate representative, that, as a matter of law, no express easement had been granted in favor of GFF Texas or its predecessors. Meanwhile, GFF Texas resisted presenting its expert witness for noticed depositions by filing motions to quash and also moved to strike the Lawsons' expert on the ground that his opinions were "neither qualified, relevant, nor reliable."

In response, the Lawsons filed a motion for sanctions, asserting:

As part of a speculative land deal, [GFF Texas] knowingly purchased a property in tax foreclosure which had been landlocked for the last seventy (70) years and

3

then filed the instant lawsuit against [the Lawsons], adjacent landowners, in a desperate attempt to obtain an easement without any legal basis for doing so. Despite multiple written discovery requests and over a year-and-a-half since the case was filed, GFF Texas has abused the discovery process and prevented [the Lawsons] from being able to properly, fairly, and fully complete discovery within the deadlines set out by the Scheduling Order entered in this case. Despite numerous requests for production by [the Lawsons], [GFF Texas] waited until the day of fact discovery closing to produce hundreds of photographs which appear to have been illegally obtained via drone footage of [the Lawsons'] property.

Asserting that GFF Texas's conduct violated Rule 196.7 of Texas Rules of Civil Procedure and section 423.003 of the Texas Government Code, the Lawsons sought discovery sanctions under Texas Rule of Civil Procedure 215.3. *See* Tex. R. Civ. P. 196.7 (governing requests to gain entry on land to inspect, survey, or photograph property); R. 215.3 (permitting court to impose sanctions for abuse of discovery process); Tex. Gov't Code § 423.003 (providing that using unmanned aircraft to capture image of privately owned real property with intent to conduct surveillance is class C misdemeanor).

The litigation continued, and the parties continued to engage in discovery disputes primarily related to the adequacy of GFF Texas's responses to discovery requests and its failure to present witnesses, including a corporate representative and expert witnesses, for noticed depositions. On October 20, 2023, the Lawsons noticed a hearing on its no-evidence and traditional motions for summary judgment for December 1, 2023. Within the following ten-day period, GFF Texas filed a jury demand and noticed the depositions of Frank Lawson, Warren Lawson, and Cheryl Traudt for December 18, 2023, one month after the close of discovery. On November 3, 2023, the Lawsons moved to quash the depositions on the ground that GFF Texas failed to notice any depositions during the 17-month discovery period and had noticed these three depositions for a date one month after the close of discovery and one week after pre-trial

4

disclosures were due. GFF Texas responded by filing a notice of nonsuit on November 7. Along with the notice of nonsuit, GFF Texas filed a document titled "Order Nonsuit" that recited: "The Court grants Plaintiff's Notice of Nonsuit with prejudice and dismisses all claims with prejudice. This case is now disposed of." The trial court signed the "Order Nonsuit" on November 8, 2023.

The same day, the Lawsons filed a motion for an award of attorneys' fees under the UDJA. They asserted that:

> For nearly two years, Plaintiff has attempted to extort an easement across the Lawson Family Ranch with no legal basis for doing so under the guise of the Uniform Declaratory Judgments Act. Now, on the verge of trial, facing certain defeat and unable to manufacture an easement where any has ever existed, Plaintiff has nonsuited all its claims. With this Motion, the Lawson Family requests, pursuant to the UDJA, that the Court use its equitable power to put the Lawson Family back in the position they were in before Plaintiff filed its meritless claims.

The Lawsons set a hearing on their motion for attorneys' fees for December 1, 2023. They also filed a traditional motion for summary judgment on their counterclaim for declarations that GFF Texas had no express easement, prescriptive easement, or easement by necessity over the Lawson Family Ranch. In addition, they asserted, with supporting evidence, that (1) the evidence contradicting GFF Texas's claim to an easement existed in publicly available documents;[2] (2) GFF Texas's own corporate representative and testifying experts ultimately testified that there was no evidence of any type of easement in favor of GFF Texas over the Lawson Family Ranch; and (3) although counsel for GFF Texas stated that GFF Texas had "disclaimed an easement," it refused to agree to a court declaration confirming that no easement of any type existed. The Lawsons explained that, for those reasons, they were asking the court to

___

[2] The Lawsons' evidence also included a video of the foreclosure sale at which GFF Texas purchased the 7-acre tract showing that the sheriff who conducted the sale specifically informed all persons present that the property was landlocked and had no road access.

render judgment granting their requested declaratory relief and their request for attorneys' fees under the UDJA.

The trial court granted the Lawsons' motion for summary judgment on December 7, 2023, and informed the parties that it was reserving its ruling on an attorneys' fee award pending briefing by the partes. On December 12, the Lawsons filed their amended motion for entry of an award of attorneys' fees in which they explained the history of the litigation; presented evidence that they had incurred $226,057.25 in attorneys' fees and expenses through December 1, 2023; explained that when they first requested that GFF Texas withdraw its erroneous claim to an easement in June 2022, they had incurred only $10,000 in attorneys' fees and had incurred only $47,000 in attorneys' fees in March 2023 when GFF Texas amended its petition to add new, meritless claims to avoid the Lawsons' summary judgment motion; and stated that they had formally requested, in writing, that GFF Texas withdraw its baseless claims at least seven times during the 19 months of litigation to avoid unnecessary attorneys' fees and expenses. The Lawsons requested that the court award them all their attorneys' fees, which they argued were reasonable and necessary.

On January 16, 2024, the trial court rendered judgment that "no easements (express, prescriptive, by necessity, or otherwise) exist on the Lawson Family Ranch which would give an owner or occupier of GFF's Property, or any other subsequent successor in title or occupier of GFF's property, any right to use the Lawson Family Ranch for any purpose." The court ordered that the Lawsons recover from GFF Texas $150,000 in attorneys' fees, litigation expenses of $17,550, and court costs. GFF Texas then perfected this appeal.

6

In its first issue, GFF Texas asserts that the trial court did not have subject-matter jurisdiction to render a judgment in the Lawsons' favor after it filed its notice of nonsuit. Specifically, GFF Texas maintains that the entire case, including the Lawsons' claims for affirmative relief, was "disposed of" on November 8, 2023, when the court signed the "Order Nonsuit." GFF Texas argues that the court lost plenary power thirty days later, and, consequently, the trial court did not have jurisdiction of the case on December 12, 2023, when the Lawsons filed their amended motion for entry of an award of attorneys' fees, or on January 16, 2024, when it rendered its judgment on the Lawsons' request for declaratory relief and attorneys' fees under the UDJA. GFF Texas asserts that language in the court's nonsuit order stating "[t]his case is now disposed of" constituted "a finality phrase that the case had been disposed of" and the nonsuit order was, therefore, "a final order." We disagree.

In Texas, plaintiffs may nonsuit their case any time before introducing all their evidence other than rebuttal evidence. Tex. R. Civ. P. 162. No court order is required. *Id.*; *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A nonsuit terminates a case "from 'the moment the motion is filed.'" *Joachim*, 315 S.W.3d at 862 (quoting *University of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Schultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam)). However, a nonsuit does not affect any pending claim for affirmative relief, attorneys' fee, or sanctions, *id.* at 863; Tex. R. Civ. P. 162, each of which had been filed by the Lawsons at the time of GFF Texas's notice of nonsuit. "Although a plaintiff decides which of its claims to pursue or abandon, that decision does not control the fate of a non-moving party's independent claims for affirmative relief." *Villafani v. Trejo* 251 S.W.3d 466, 469 (Tex. 2008). Parties "have an absolute right to nonsuit *their own claims*, but not *someone else's* claims they

7

are trying to avoid." *Texas Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 37 (Tex. 2008). A plaintiff's nonsuit cannot extinguish a defendant's counterclaim for costs and attorneys' fees. *Klein v. Dooley*, 949 S.W.2d 307, 307 (Tex. 1997). Because GFF Texas's nonsuit could affect only its claims against the Lawsons, and not the Lawsons' counterclaim for declaratory relief and attorneys' fees under the UDJA or their motion for sanctions, the statement in the "Order Nonsuit" that "this case is disposed of" could refer only to GFF Texas's claims against the Lawsons and not the Lawsons' claims for affirmative relief. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001) (judgment issued without conventional trial on merits is final for purposes of appeal "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment"). The "Order Nonsuit" could not have disposed of the Lawsons' claims for affirmative relief against GFF Texas because the nonsuit could not affect those claims, *see Klein*, 949 S.W.2d at 307, nor does it "state with unmistakable clarity that it is a final judgment," *see Lehmann*, 39 S.W.3d at 192-93.[3] The "Order Nonsuit" was not, therefore, a final judgment in the case and the trial court did not lack subject-matter jurisdiction when it later rendered its final judgment awarding the Lawsons declaratory relief and attorneys' fees. We overrule GFF Texas's first issue.

In addition to awarding attorneys' fees to the Lawsons, the trial court ordered that they recover from GFF Texas "litigation expenses of $17,550." In its second issue, GFF Texas asserts that the trial court erred in awarding the Lawsons "litigation expenses." GFF Texas maintains that the $17,550 amount awarded was to compensate the Lawsons for expert fees,

---

[3] By contrast, the trial court's judgment signed on January 16, 2024, is titled "Final Judgment," and states that "this Judgment finally disposes of all parties and all claims and is appealable."

which, in their view, are "not court costs and are not recoverable." To support its argument, GFF Texas relies on cases applying the general rule in Texas that expert witness fees are not recoverable as costs of litigation under Texas Rule of Civil Procedure 131 and Texas Civil Practice and Remedies Code section 31.007. *See, e.g.*, *Bundren v. Holly Oaks Townhomes Ass'n*, 347 S.W.3d 421, 440 (Tex. App.—Dallas 2011, pet. denied). The Lawsons presented evidence to the court that they incurred $29,378.25 in "litigation expenses." The trial court made no findings indicating the basis for its award of $17,550 in "litigation expenses." GFF Texas's assumption that the award was for expert witness fees is unsupported by any findings in the record. The UDJA grants discretion to the trial court "to award costs and reasonable and necessary attorneys' fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009; *see also Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) (holding section 37.009 entrusts awards to sound discretion of trial court). "When the [UDJA] provides for the recovery of costs, other rules limiting the award of costs, such as the Texas Rules of Civil Procedure, do not control." *Petrello v. Prucka*, 415 S.W.3d 420, 433 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *West Beach Marina Ltd. v. Erdeljac*, 94 S.W.3d 248, 270 (Tex. App.—Austin 2002, no pet.)); *see also Bocquet*, 972 S.W.2d at 21 (limitations on trial court's discretion to make awards under section 37.009 are found only in statute's language). The UDJA does not limit the trial court's discretion to award litigation expenses so long as the award is equitable and just. Tex. Civ. Prac. & Rem. Code § 37.009; *Martin v. Cadle Co.*, 133 S.W.3d 897, 906-07 (Tex. App.—Dallas 2004, pet. denied). GFF Texas does not argue that the award of litigation expenses was either inequitable or unfair. *See Martin*, 133 S.W.3d at 907 (overruling appellant's challenge to section 37.009 award when he did not argue award inequitable or unjust); *West Beach Marina*, 94 S.W.3d at 270 (same). We overrule GFF Texas's second issue.

9

## CONCLUSION

Having overruled GFF Texas's two appellate issues, we affirm the trial court's judgment.

_____

Karin Crump, Justice

Before Justices Triana, Kelly, and Crump

Affirmed

Filed: May 14, 2025